UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN JIMINEZ, #61246,[1]<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN CHRISTENSEN,<br><br>                Respondent. | Case No. 1:20-cv-00199-CWD<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Juan Jiminez has filed a Petition for Writ of Habeas Corpus challenging his state court conviction.[2] (Dkt. 3.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 7.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] Petitioner's surname is spelled "Jiminez" on his petition. His Idaho Department of Correction online record shows him as "Juan Robert Jimenez" (matching the offender number provided in the petition, 61246). His state appellate records show "John Roberto Jimenez." *See Jimenez v. State*, No. 46211, 2020 WL 1321007 (Idaho Ct. App. Mar. 20, 2020).

[2] Petitioner attached an "Application for Leave to File a Second or Successive Petition under 28 U.S.C. § 2254" with his Petition. However, it does not appear that Petitioner has previously had a petition for writ of habeas corpus adjudicated in the federal district court. Respondent may address that issue if he is aware that a previous federal petition was filed.

**INITIAL REVIEW ORDER - 1**

Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that (1) Petitioner has stated some cognizable claims upon which he can proceed, (2) some of Petitioner's claims need supplementation if he desires to proceed on them, and (3) the sentencing claim will be dismissed with prejudice. Although Petitioner recently filed a "Motion to Dismiss the Petition without Prejudice" so that he can continue to pursue state court remedies (Dkt. 11), he may desire to reconsider his request based on the strict rules governing the timeliness of original and amended claims in federal habeas corpus petitions. Therefore, because Petitioner may desire to preserve the filing date of his original Petition for current claims and preserve an early filing date for any amended claims for statute of limitations purposes, the Court will permit Petitioner to decide whether to file an amended petition and a stay and abey request or to proceed with voluntary dismissal of this action.

**INITIAL REVIEW ORDER - 2**

# REVIEW OF PETITION

1. **Background**

The Idaho Court of Appeals set forth the facts underlying the crimes at issue as follows:

> Jimenez and his brother, Jorge Alvarado, had a tense relationship. On February 9, 2013, the two engaged in several heated telephone conversations, concluding with Alvarado telling Jimenez he was coming over to Jimenez's house. In response to this perceived threat, Jimenez secured a gun from a friend. When Alvarado arrived, he got out of his car in front of Jimenez's house. The details of the events following Alvarado's arrival are disputed. During trial, Jimenez testified that he discharged warning shots into the ground in response to Alvarado's threats and advances and that Alvarado was armed and pointing a gun at his head. In contrast, Alvarado testified that he was unarmed, having left his gun in his car, and that Jimenez shot him twice initially and then another three or four times after Alvarado tripped over a curb and fell to the ground. Alvarado sustained two bullet wounds in each leg and one bullet wound in his lower back.

*State v. Jimenez*, 362 P.3d 541, 543–44 (Idaho Ct. App. 2015). Alvarado survived.

Upon these facts, Petitioner was convicted of aggravated battery, a weapon enhancement, and unlawful possession of a firearm in a criminal case in the Fifth Judicial District Court in Twin Falls, Idaho. Judgment of conviction was entered on September 20, 2013. On April 28, 2014, Petitioner was sentenced to terms of five and eight years fixed, with twenty years indeterminate.

On direct appeal, the Idaho Court of Appeals affirmed the conviction and sentences. On post-conviction appeal, that same court affirmed the state trial court's decision to deny the post-conviction application. Petitioner filed petitions for review with

**INITIAL REVIEW ORDER - 3**

the Idaho Supreme Court, which were denied. His action concluded on March 20, 2020, but, at some point in time, he filed another post-conviction action. Petitioner filed his federal Petition on April 9, 2020 (mailbox rule date).

## 2. Exhaustion of State Court Remedies Requirement

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted

**INITIAL REVIEW ORDER - 4**

from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Attorney error that rises to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, an allegation of ineffective assistance of direct appeal counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of direct appeal counsel claim is, itself, not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of direct appeal counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of direct appeal counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic–errors of counsel made on *post-conviction review* that cause the default of other claims–the general rule on procedural default is that

**INITIAL REVIEW ORDER - 5**

any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel. *Martinez* does not apply to any other claims. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will

**INITIAL REVIEW ORDER - 6**

result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

   3. **Discussion**

Rather than using Petitioner's numbering system, where he has improperly grouped unrelated claims together, the Court will discuss and renumber the claims individually in the order they are presented in the Petition.

Claim 1 is ineffective assistance of trial counsel, with several subparts. Petitioner asserts that his trial attorney, George Essma, made the following errors: (a) he asked for the wrong self-defense jury instruction, which made it harder for Petitioner to prove that he acted in self-defense; (b) he did not provide evidence to impeach the victim during

trial; (c) he did not raise and follow through with the contention that the police investigators violated Petitioner's *Miranda* rights;[3] (d) he never attempted to interview Petitioner's witnesses; (e) he never listened to "the phone call"; (f) he never objected to the "GSR"; (g) he never asked for a change of venue, even though Petitioner's charge was aired on news reports and in newspapers; (h) Petitioner's nose was broken in the altercation, and counsel never raised the issue that Petitioner was under duress from that and prescription withdrawal at the time of trial; and (i) "other" unspecified errors.

Petitioner states that some of these subclaims were raised in the post-conviction action, but his counsel decided not to raise others. Hence, the claims that were not raised in the Idaho appellate courts may be procedurally defaulted. Petitioner may want to rely on *Martinez v. Ryan,* explained above, to excuse the default of claims counsel omitted, if he is unable to remedy the default in his successive post-conviction action.

As to subclaim 1(i), the Court cannot adjudicate a vague claim that defense counsel made "other" mistakes. A habeas corpus claim is not cognizable unless supported by "the grounds for relief" and "the facts supporting each ground." *See* Rule 2(c) of the Rules Governing § 2254 Cases. Petitioner may clarify subclaim (i) in an amended petition, remove it from an amended petition, or voluntarily dismiss his petition.

Claim 2 is ineffective assistance of sentencing counsel. Petitioner asserts that attorney Keith Roark, who represented Petitioner after the jury trial, refused to file a Rule

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**INITIAL REVIEW ORDER - 8**

35 motion for reduction of sentence on his behalf. Petitioner was forced to file it on his own, which he did incorrectly because of his lack of legal knowledge.

Claim 3 is that trial attorney George Essma never questioned Petitioner's witness. The witness would have testified that the victim told him that he intended to kill Petitioner, and the victim would have shot Petitioner if the victim's gun had not been on safety, a statement contrary to the victim's testimony at trial.

Claim 4 appears to allege that the appellate public defender abandoned some of the issues Petitioner wanted to raise on direct appeal. However, unless Petitioner files an amended petition setting forth the particular issues not raised on direct appeal, he cannot proceed on this vague claim, because it is unsupported by "the grounds for relief" and "the facts supporting each ground." *See* Rule 2(c) of the Rules Governing § 2254 Cases.

Claim 5 is that Petitioner's post-conviction attorney abandoned two prosecutorial misconduct claims: (a) the prosecutor said that the victim had never wavered in his story, which was plainly false; and (b) the prosecutor used his office to vouch for the truthfulness of the victim's testimony, which was important because the judge mentioned he didn't know if the jury found Petitioner guilty because they did not believe him or thought what he did was excessive. A claim that a post-conviction attorney performed ineffectively is not cognizable on federal habeas corpus review, *see Finley*, 481 U.S. at 551, but Petitioner may want to raise the underlying prosecutorial misconduct claims in an amended petition and later attempt to show cause and prejudice for their default.[4]

---

[4] As stand-alone due process claims, these claims appear procedurally defaulted because, generally, prosecutorial misconduct claims must be raised on direct appeal.

**INITIAL REVIEW ORDER - 9**

Claim 6 is that the state trial court violated his due process rights by sentencing Petitioner to 28 years, close to the maximum sentence of 30 years. Petitioner asserts that the sentence is excessive because he produced evidence that the victim was the aggressor.

On appeal of Petitioner's sentencing claim (presented as a state law abuse-of-discretion claim), the Idaho Court of Appeals reasoned:

> During sentencing, the district court *did* consider that Jimenez acted under provocation. The court acknowledged the obviousness of existing tensions between Jimenez and Alvarado, stating it "makes no sense to me why brothers would be packing guns, potentially shooting at each other, unless there was something really, really serious happening there." It also acknowledged Jimenez's self-defense arguments, and the jury's rejection of that defense. However, the court also considered Jimenez's use of a weapon, his "character that is of an aggressive nature," and his "lack of remorse for [his] brother," concluding that Jimenez's punishment was warranted both from a deterrent standpoint and "for the good order and protection of society." Applying the appropriate standards and having reviewed the record in this case, we cannot say that the district court abused its discretion.

*State v. Jimenez*, 362 P.3d 541, 550 (Idaho Ct. App. 2015).

Here, Petitioner also asserts a variety of other reasons to support his argument that his sentence was excessive—a "refusal to grant a motion for new trial, refusal to grant post-conviction relief, attorneys abandoning issues, stacking enhancements, and the attorneys gave subpar performances." (Dkt. 3, p. 8.) However, there does not appear to be a causal link between these allegations and the sentence pronounced.

On federal habeas corpus review, the Court uses the standard set forth by the United States Supreme Court, rather than the state law standard. Where a particular

**INITIAL REVIEW ORDER - 10**

constitutional amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of [Fourteenth Amendment] 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Therefore, the Court applies the Eighth Amendment, rather than the Fourteenth Amendment, to Petitioner's sentencing claim.

In *Hutto v. Davis*, 454 U.S. 370, 372 (1982), the Supreme Court stated that it had "never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment." That is, because the crime allowed for a 30-year sentence and the state court provided an adequate justification for the sentence, Petitioner's sentence of 28 years does not violate the Eighth Amendment's Cruel and Unusual Punishment Clause (or the Fourteenth Amendment's Due Process Clause).

Harsher sentences for lesser crimes have been upheld by the United States Supreme Court. In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that a sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual punishment in a situation where a defendant with two prior felony convictions was convicted of obtaining $120.75 by false pretenses. In *Harmelin v. Michigan*, 501 U.S. 957 (1991), the Supreme Court affirmed a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine, rejecting a disproportionate sentence argument.

For the foregoing reasons, this claim will be denied with prejudice on the merits.

**INITIAL REVIEW ORDER - 11**

### 4. Conclusion

Petitioner may proceed only as set forth above. If he desires to file an amended petition, he must provide factual support for Claims 1(i) and 4. Any amended petition must be accompanied by a motion to amend and a motion to stay and abey this action. Or, Petitioner may give the Court notice that he desires to voluntarily dismiss this case. Either way, Claim 6 will be dismissed with prejudice, because relief is not warranted.

### AMENDMENT AND STAY AND ABEY PROCEDURES

Petitioner has asked to voluntarily dismiss his case and refile it after he has completed a related pending state court matter. (Dkt. 11.) However, the Court notifies Petitioner that a dismissal may jeopardize his federal statute of limitations filing date as to claims included in the original Petition *and* claims that Petitioner desires to amend into this action after completing his state court matter. The Court will provide Petitioner with the following explanatory standards of law, and Petitioner can decide whether to proceed with voluntarily dismissal of this case now or to file an amended petition and request stay and abeyance.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and later return to federal court for review of his perfected petition. *Id.* at 277. Staying the case preserves the original filing date of the claims asserted in the original Petition for the one-year federal statute of limitations period.

In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration is that the federal statute of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

If a petitioner files an untimely state post-conviction action or one that is procedurally improper for another reason, then that action cannot toll the federal statute. But, unfortunately, the petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims he or she had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be

**INITIAL REVIEW ORDER - 13**

reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

A second important federal statute of limitations consideration is that, in 2005, the United States Supreme Court clarified that habeas corpus "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading [*only*] if the [1] original and [2] amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" Habeas Corpus Rule 2(c), the words "same 'conduct, transaction, or occurrence" does not mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 664. Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." (*Id.*) The Supreme Court gave a few examples:

- [I]n *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department.
- [I]n *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition

**INITIAL REVIEW ORDER - 14**

> challenged the court's refusal to allow the defendant to show that the statements had been recanted. See also 3 J. Moore, et al., *Moore's Federal Practice* § 15.19[2], p. 15–82 (3d ed. 2004) (relation back is ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Mayle v. Felix*, 545 U.S. 644, 664 (2005).

This Court uses a two-step analysis to determine whether a claim in an amended petition relates back to one in the original petition for statute of limitations purposes: (1) "determine what claims the amended petition alleges and what core facts underlie those claims"; and (2) "for each claim in the amended petition, ... look to the body of the original petition and its exhibits to see whether the original petition 'set out' or 'attempted to ... set out' a corresponding factual episode, *see* Fed. R. Civ. P. 15(c)(1)(B)—or whether the claim is instead 'supported by facts that differ in both time and type from those the original pleading set forth,' *Mayle*, 545 U.S. at 650, 664." *Ross v. Williams*, 950 F.3d 1160, 1167–68 (9th Cir. 2020). It is not required that the "facts in the original and amended petitions be stated in the same level of detail." *Id*.

In addition, an amendment that "invoked a legal theory not suggested by the original complaint" can relate back to the original complaint if it arises from the same "episode-in-suit." *Cf. Mayle,* 545 U.S. at 659–60 (*citing Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (*1*945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy related back to a

**INITIAL REVIEW ORDER - 15**

timely raised substantive double jeopardy claim), *abrogated on other grounds by Davila,* ––– U.S. ––––, 137 S. Ct. 2058. District courts following *Mayle* and *Nguyen* have held that ineffective assistance of trial counsel claims presented in a late amendment relate back to the substantive claims asserted in the original petition that underlie the ineffective assistance claims, and "vice versa." *See, e.g., Abdulle v. Uttecht*, 2020 WL 2065882 (W.D. Wash. Jan. 6, 2020)(Report and Recommendation), *relevant portion adopted by*, 2020 WL 2063772, at *2 (W.D. Wash. Apr. 29, 2020)(District Court Order).

Therefore, Petitioner is on notice that, should he choose to voluntarily dismiss his original Petition, he will not be able to re-open this case to assert that he filed it within the one-year federal statute of limitations period if (1) that time period has expired, and/or (2) any of his state post-conviction petitions upon which he is relying for statutory tolling is later determined to be "improperly filed" by the state courts. In addition, even if the original Petition in this case is not dismissed but is stayed pending the outcome of the related state court actions, if Petitioner attempts to amend those new claims into this action at a later date, the claims may not "relate back" to the original claims and therefore may be dismissed as untimely. The safest procedural route may be to amend all of his potential claims into this action by filing a "First Amended Petition" and to file a motion to stay and abey. However, Petitioner is free to voluntarily dismiss his original Petition if he desires, having been warned of some of the potential consequences of taking that route.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Applications to Proceed in Forma Pauperis (Dkts. 1, 9) are GRANTED.

2. Within **45 days** after entry of this Order, Petitioner shall take one of two actions in this matter. He may file a "First Amended Petition," which must include a factual basis for the claims asserted in the original Petition, and which should include all of Petitioner's claims that related to this particular judgment of conviction and sentence, including those claims with a federal basis, if any, that Petitioner is now pursuing in state court; a "Motion to Amend Petition"; and a "Motion to Stay." Alternatively Petitioner may file a notice that he desires to proceed with his motion to voluntarily dismiss the Petition, and the Court will review that in due course.

DATED: November 12, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 17**